IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MECHANICAL CONSTRUCTION
MANAGERS, LLC, d/b/a RIECK
SERVICES,

    Plaintiff,

v.

KEVIN PASCHKA, et al,

    Defendants.

Case No. 3:21-cv-302

JUDGE WALTER H. RICE

ORDER SUSTAINING IN PART AND OVERRULING IN PART MOTION FOR PRELIMINARY INJUNCTION OF PLAINTIFF (DOC #3); BOND IN THE AMOUNT OF $1,000.00 TO BE POSTED BY 3:00 P.M. ON DECEMBER 13, 2021

This matter is before the Court pursuant to the Motion for Preliminary Injunction of Plaintiff, Mechanical Construction Managers, LLC d/b/a Rieck Services ("Rieck"). Doc. #3.

A hearing was held on Plaintiff's Motion for a Temporary Restraining Order ("TRO") on November 5, 2021. In lieu of ruling on Plaintiff's Motion for a TRO, the Court scheduled an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction for November 17, 2021. The evidentiary hearing was held on November 17, 2021, and again on November 29, 2021.

Plaintiff seeks preliminary injunctive relief based on four claims alleged in its Verified Complaint: (1) breach of contract against Defendant Kevin Pashka

("Pashka"); (2) misappropriation of trade secrets under Ohio law, Ohio Revised Code § 1331.61, against Defendant Pashka and Defendant Industrial Reliability and Repair, LLC d/b/a Honhorst Services ("Honhorst"); (3) violation of the Defend Trade Secrets Act, 18 U.S.C. §1836, against Defendant Pashka and Defendant Honhorst; and (4) conversion against Defendant Pashka and Defendant Honhorst.

A Motion for Preliminary Injunction "is an extraordinary equitable remedy," *RECO Equip., Inc. v. Jeffrey S. Wilson*, No. 20-4312, 2021 WL 5013816, at *2 (6th Cir. Oct. 28, 2021). Rieck must show by clear and convincing evidence the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent an injunction; (3) the balance of the equities tips in its favor; and (4) the injunction is in the public's interest. *Id.*, citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Rieck "seeks a preliminary injunction on multiple claims," the Court will evaluate each claim separately. *Id.* (citation omitted).[1]

I. Breach of Contract Claim

Plaintiff's breach of contract claim is based on two separate agreements signed by Defendant Pashka. The first agreement is entitled "Non-Compete Agreement for Employees of RPC Mechanical Services" ("RPC Agreement") and was identified in the hearing as Exhibit 16. The second agreement is entitled

---

[1] An expanded opinion explaining the Court's rationale for this Order will be filed by Friday, December 17, 2021.

"Confidentiality/Non-Solicitation Agreement for Employees of Mechanical Construction Managers," ("Rieck Agreement") and was identified as Exhibit 4 in the hearing.

Plaintiff's Motion for Preliminary Injunction as to Defendant Pashka's breach of contract of the RPC Agreement is OVERRULED. Based on the evidence presented, the Court finds this agreement to be unenforceable.

Plaintiff's Motion for Preliminary Injunction as to Defendant Pashka's breach of contract of the Rieck Agreement is SUSTAINED in part and OVERRULED in part. Defendant Pashka is ORDERED (1) not to disclose, divulge, or reveal or permit any "Confidential Information," as defined in the Rieck Agreement, to be disclosed, divulged or revealed to any third party including, without limitation, Defendant Honhorst; and (2) to return all copies in his possession, custody, or control to Plaintiff of Rieck Exhibits 6 ("Quest Tasking"), 8 ("Preventative Maintenance Estimation spreadsheet"), 10 (documents concerning Christ Hospital), 5 and 12 (documents concerning Clarion Equipment) and 14 (Rieck's customer list). Defendant Pashka is further ORDERED to delete and permanently remove these documents from any computer in his possession, custody or control. As to Exhibit 11, Defendant Pashka is permitted to retain a copy of Exhibit 11; however, he is ORDERED to delete all prospects/customers and information added to this document since his date of hire by Rieck on August 30, 2020, through August 19, 2021. Defendant Pashka is further ORDERED to delete and permanently remove Exhibit 11 from any computer in his possession, custody or control.

3

Defendant Pashka is also ORDERED to not contact, deal with or solicit in any way any person or entity that was a customer, active customer or prospect of Rieck and with whom he had contact during the course of his employment with Rieck from August 30, 2020, through August 19, 2021. Contact is defined as personal involvement, directly or indirectly, by Defendant Pashka in the submission of a bid on behalf of Rieck to the customer, active customer or prospect. This non-contact, non-solicitation, or dealing with, of customers, active customers or prospects will expire on August 19, 2022.

Pashka is further ORDERED not to solicit any employees of Rieck from August 19, 2021, through August 19, 2022.

II. Violation of the Ohio Uniform Trade Secrets Act and the Defend Trade Secrets Act

Plaintiff has also moved for a preliminary injunction for an alleged violation of misappropriation of trade secrets under Ohio law, Ohio's Uniform Trade Secrets Act ("OUTSA"), Ohio Revised Code § 1331.61, against Defendant Pashka and Defendant Honhorst, and violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836, against Defendant Pashka and Defendant Honhorst.

Plaintiff's Motion for a Preliminary Injunction as to Defendant Pashka and Defendant Honhorst's violation of the Ohio's Uniform Trade Secrets Act ("OUTSA") and violation of the Defend Trade Secrets Act ("DTSA"), is SUSTAINED in part and OVERRULED in part. Plaintiff's motion for relief is

OVERRULED as to Defendant Honhorst and SUSTAINED as to Defendant Pashka. Defendant Pashka is ORDERED to return to Rieck Exhibits 5, 6, 8, 10, 11, 12 and 14. Defendant Pashka is further ORDERED to delete and permanently destroy these documents from any computer in his possession custody or control.

### III. Conversion

Plaintiff's Motion for Preliminary Injunction as to Plaintiff's claim for conversion alleged against Defendants Pashka and Defendant Honhorst is OVERRULED since it is preempted by the Ohio Uniform Trade Secrets Act.

### IV. CERTIFICATION OF COMPLIANCE

Defendant Pashka is ORDERED to file with the Court a certification of compliance. Said certification shall be signed by him, under penalty of perjury, and shall state that he (1) has returned all physical copies of Exhibits 5, 6, 8, 10, 11, 12 and 14 to Plaintiff; (2) has permanently deleted and/or permanently removed these exhibits, along with any and all documents containing any information derived from or referencing information contained in these exhibits, from all computers and other electronic devices in his possession, custody or control; and (3) has not provided physical or electronic copies of these exhibits to any other person or entity and has not provided any information derived from or referencing information contained in these exhibits to any person or entity. Person or entity includes, but is not limited to, Defendant Honhorst.

Defendant Honhorst is ORDERED to file a certification of compliance, to be signed under penalty of perjury, by the following individuals: (1) the President of Industrial Reliability and Repair, LLC; (2) Phillip Tackett, operations manager; and (3) the IT manager of Honhorst. Said certification shall state the following: (1) a diligent search of all company records, servers and all employee issued electronic devices has been made; (2) Exhibits 5, 6, 8, 10, 11, 12 and 14 and any information derived from or referencing information contained in these exhibits, either does not exist or has been destroyed and/or permanently deleted and removed from the company records, server or employee issued electronic devices; and (3) has not provided physical or electronic copies of these exhibits to any other person or entity and has not provided any information derived from or referencing information contained in these exhibits to any person or entity.

The certifications of compliance by Defendant Pashka and Defendant Honhorst are to be filed by the close of business on Wednesday, December 15, 2021.

V. SECURITY

Pursuant to Fed. R. Civ. P. 65 (c), the Court finds that $1,000.00 is the proper amount in security for Plaintiff to pay. This security is to be tendered to the Clerk of Court as security and filed by 3:00 p.m. on December 13, 2021.

Date: December 13, 2021

*[signature]*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE